John R.T. & Martha L. Knight v. Commissioner.
Knight v. Commissioner
Docket No. 979-69-SC.
United States Tax Court
T.C. Memo 1970-1; 1970 Tax Ct. Memo LEXIS 358; 29 T.C.M. (CCH) 1; T.C.M. (RIA) 70001; January 5, 1970, Filed. John R.T. Knight, pro se, 10279 Octavia Way, Rancho Cordova, Calif.Richard D. Worsley, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioners' 1966 Federal income tax in the amount of $593.93. The sole issue for determination is whether or not petitioner is entitled to a business bad debt deduction for *359 a debt that became worthless in 1966. Findings of Fact Some of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioners John R.T. and Martha L. Knight, husband and wife, maintained their legal residence at Rancho Cordova, California, at the time the petition herein was filed. Hereinafter the term petitioner will refer solely to John R.T. Knight as the amount in issue relates to a transaction entered into by him alone. The petitioners filed their 1966 joint Federal income tax return with the district director of internal revenue at San Francisco, California. Petitioner was a full-time employee of the United States Air Force during 1966. He was employed as an equipment-specialist at McClellan Air Force Base in Sacramento, California. In addition, petitioner and his brother were serving as co-administrators of the estate of their deceased mother, Edna L. Knight. On August 20, 1964, petitioner made out a personal check payable to the estate, for which he was co-administrator, in the amount of $3,475, representing the purchase price for a dairy herd of 25 cows then held as an asset of the estate. Simultaneously, *360 petitioner advanced to one Mike Buckley the identical sum of $3,475 so that Buckley might acquire the aforementioned herd. In return petitioner received Buckley's note bearing interest at 7 percent per annum and secured by a purchase money chattel mortgage. The note was payable in two equal installments due August 20, 1965 and 1966. Buckley defaulted on the first installment and subsequent collection attempts proved fruitless. On his 1966 Federal tax return, petitioner deducted the amount of the note as a business bad debt. In his statutory notice, the Commissioner disallowed the deduction because "it has not been established that the debt became wholly or partially worthless within the year 1966. In the event it became partially worthless in 1966, it has not been established that the debt was created * * * in the course of a trade or business or that the loss from such worthlessness was incurred in a trade or business." Opinion At trial the Commissioner conceded that the debt became worthless during 1966. Thus our problem is limited to deciding whether petitioner is entitled to a deduction for the entire amount of the worthless debt 2 under section 166(a)(1), I.R.C. 1954, *361 [1] or is only entitled to the more limited deduction applicable to nonbusiness bad debts as provided for in section 166(d)(1). Section 166(a)(1) provides that: SEC. 166. BAD DEBTS. (a) General Rule. - (1) Wholly worthless debts. - There shall be allowed as a deduction any debt which becomes worthless within the taxable year. However, section 166(d) places some restrictions on deductibility for taxpayers other than corporations as follows: SEC. 166(d) Nonbusiness Debts. - (1) General rule. - In the case of a taxpayer other than a corporation - * * * (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. (2) Nonbusiness debt defined. - For purposes of paragraph (1), the term "non-business debt" means a debt other than - (A) a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or (B) a debt the loss from the worthlessness of which is incurred *362 in the taxpayer's trade or business. Subsection (d)(2) makes clear the requirements for full deductibility. Thus it was incumbent on petitioner to show that he was engaged in a trade or business giving rise to the debt which is now sought to be deducted. Whipple v. Commissioner, 373 U.S. 193 (1963). This is so because full deductibility turns on the proximate connection between the debt and activities which "the tax laws recognize * * * as a trade or business, a concept which falls far short of reaching every income or profit making activity." Whipple v. Commissioner, supra at 201. We find no proof by petitioner that he was in the trade or business of being an administrator in addition to his occupation with the Air Force. Further it is doubtful that a nonprofessional fiduciary can be said to be in the trade or business of being an administrator in an isolated case such as this seems to be. That terms is generally reserved for intestate estates and the persons assuming such position, in many cases family members, serve by virtue of law. Notwithstanding the foregoing, we take the view that the transaction involved herein was an isolated occurrence facilitating *363 the disposal of the estate and enhancing the benefits petitioner would realize as a beneficiary and was not done in pursuit of any trade or business. The Supreme Court in Whipple v. Commissioner, supra, held that a shareholdercreditor who devotes his time and energies to the affairs of his corporation is not, because of that alone, in a trade or business; more is required. We view petitioner in the same light. This isolated instance of acting as administrator, is not, in itself, sufficient to allow us to find that petitioner was in any trade or business other than as an equipment-specialist at the air base. We would need more, showing that petitioner regularly engaged in this type of work before we could find a trade or business and we do not have any such additional evidence. We hold petitioner's loss is governed by section 166(d)(1) relating to nonbusiness bad debts. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩